GLICKSTEIN, Judge.
This is an appeal from an order, denying appellant’s motion to suppress. We reverse.
The facts show that undercover officers mistakenly believed appellant to be involved in a drug transaction that occurred in the parking lot of a Hollywood restaurant, arrested him there and seized a satchel he had brought into the restaurant and had left under his table. Upon seizing the satchel, one of the officers noticed a bulge which he believed to be a handgun, opened the satchel, and found, among other things, an AMT .380 caliber handgun.
Appellant explained to the officers that he had merely left his table to make a telephone call outside of the restaurant to a woman he had planned to meet at the restaurant. He admitted the satchel was his, but denied any involvement in the drug transaction, which absence of involvement is completely uncontradicted. Appellant’s explanation was verified a few minutes later upon the arrival of the woman he was scheduled to meet.
The trial court denied appellant’s motion to suppress, finding the search permissible because defendant had abandoned the satchel. In the alternative, the trial court found that exigent circumstances necessitated the warrantless search.
Neither the subjective intent of the defendant nor the objective facts of this case indicate an abandonment. United States v. Colbert, 474 F.2d 174 (5th Cir.1973) (en banc). Additionally, once the satchel was under the complete control of the officers, there were no exigent circumstances necessitating its search. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); State v. Southwell, 369 So.2d 371 (Fla. 1st DCA 1979). See also Hornblower v. State, 351 So.2d 716 (Fla.1977).
HURLEY and WALDEN, JJ., concur.